# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robert S. Drayton,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Governor Henry McMaster, Director ) <br> Bryan Stirling, Warden Terri Wallace, ) <br> and Healthcare Administrator Wanda ) <br> Serman, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:20-cv-02750-TMC <br><br> **ORDER** |

Plaintiff Robert S. Drayton ("Drayton"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 2, 12). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On November 5, 2020, the magistrate judge issued an order, *inter alia*, informing Drayton that his Complaint was subject to summary dismissal for failure to state a claim because (1) Drayton's individual allegations against Defendants are moot; (2) Drayton fails to identify which constitutional rights were violated; and (3) none of Drayton's allegations assert that any of the Defendants were personally involved in depriving him of his constitutional rights. (ECF No. 11 at 2, 3–4 (quoting *Williams v. Jones*, No. 9:14-cv-00787-RMG-BM, 2014 WL 2155251, at *1 (D.S.C. May 22, 2014))). Accordingly, the magistrate judge granted Drayton twenty-one (21)

---

[1] Drayton originally filed this action on behalf of himself and twenty-three other inmates whom he also named as plaintiffs. *See* (ECF No. 1). However, because Drayton cannot bring an action on behalf of or seek to represent other *pro se* litigants, on September 1, 2021, the court terminated from the case all named plaintiffs except for Drayton and directed the Clerk's Office to send § 1983 packets to each terminated plaintiff. (ECF No. 23 (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Carroll v. United States*, Civ. A. No. 5:14-cv-02167-JMC, 2015 WL 854927, at *9 (D.S.C. Feb. 27, 2015))). Accordingly, Drayton is the only remaining plaintiff is this action.

days in which to file an amended complaint curing the deficiencies set forth in the order. *Id*. at 4. The order further advised Drayton of his responsibility to keep the court advised in writing of any change to his address. *Id*. at 5. The magistrate judge explicitly warned Drayton that his failure to file an amended complaint within the time permitted or to keep the court informed as to his current mailing address may result in the dismissal of his case. *Id*. at 4, 5.

On the same day the magistrate judge's order was entered, the court received a letter from Drayton indicating that his address had changed. (ECF No. 15). Consequently, on November 6, 2020, the magistrate judge's order was mailed to Drayton at the return address he provided on his letter to the court, (ECF No. 13), and it was not returned to the court as undeliverable. Therefore, Drayton is presumed to have received the order. Nevertheless, to date Drayton has failed to file an amended complaint or to make any response to the magistrate judge's order.

Therefore, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Drayton's claims for injunctive relief as moot and his monetary claims against all Defendants based on Eleventh Amendment immunity from suit and Drayton's failure to state a claim for relief. (ECF No. 16 at 6–9). The Report was mailed to Drayton at the last known address he provided to the court, (ECF No. 18), but was returned as undeliverable on August 20, 2021, (ECF No. 21). The returned envelope indicated that Plaintiff had been "Release[d]" from custody. *Id*. The time for Drayton to object to the Report has now expired, and this matter is ripe for review.[2]

---

[2] Drayton, who initiated this action, has not provided the court with an updated address where he can receive mail relating to his case. It is not the responsibility of this court to investigate or research a party's whereabouts. Further, such is not practical given the court's heavy caseload and limited judicial resources. Additionally, the authority to dismiss an action for failure to prosecute is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co*., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Furthermore, it is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Drayton is proceeding *pro se*, he is personally responsible for his failure to comply with the magistrate judge's order. Further, Plaintiff was warned that his case may be subject to dismissal if he failed to file an amended complaint or to keep the court advised of his current mailing address. *See* (ECF No. 11). The court concludes that Drayton's lack of response to the magistrate judge's order indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Drayton was explicitly warned that failure to respond or comply may subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 16) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and

incorporates it herein.  Accordingly, Plaintiff's Complaint is **DISMISSED** for the reasons set forth in the Report and pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 20, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.